KEVIN V. RYAN (CSBN 118321)
United States Attorney

MARK L. KROTOSKI (CSBN 138549)
Chief, Criminal Division

   150 Almaden Boulevard, Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5035
   Facsmile:   (408) 535-5066

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

*E-FILED - 7/12/06*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 06-00246-RMW |
|    Plaintiff, ) | [] ORDER AFTER HEARING EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT |
| v. ) | |
| ALLEN SOARES, ) <br>    a/k/a beemer, ) | |
|    Defendant. ) | |

On June 19, 2006, the above-captioned case came on for a status conference hearing. Defendant Allen Soares, who was present, was represented by defense attorney Bruce Funk. The United States was represented by Assistant U.S. Attorney Mark L. Krotoski.

At the hearing, the defense requested further time to prepare and investigate the case. The Court set a status conference for July 17, 2006 at 9:00 a.m. The parties agreed and the Court independently found that time should be excluded under the Speedy Trial Act from June 19, 2006 through and until July 17, 2006, to allow counsel time to prepare for trial and for continuity of counsel, pursuant to 18 U.S.C. §§ 3161(h)(8)(A), 3161(h)(8)(B)(iv) (reasonable time necessary for effective preparation taking into account the exercise of due diligence and continuity of counsel).

[] ORDER AFTER HEARING EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT
CR 06-00246-RMW

1    Specifically, the ends of justice served by the granting of such continuance outweigh the
2 best interests of the public and the defendant in a speedy trial, after considering the relevant
3 factors:

4   (i)  The failure to grant such a continuance in the proceeding would be likely to result in a
5        miscarriage of justice since the defense has requested additional time to review evidence
6        with the view toward a plea resolution, particularly given the discovery provided or made
7        available for review.
8   (ii) The failure to grant such a continuance would deny counsel for the defendant reasonable
9        time necessary for effective preparation, taking into account the exercise of due diligence;
10  (iii) The request for the exclusion of time is reasonable and specifically limited in time until
11        July 17, 2006, after allowing time for reasonable time for investigation and preparation.
12   For the foregoing reasons, the ends of justice served by the granting of such continuance
13 outweigh the best interests of the public and the defendant in a speedy trial, and given that the
14 defense needs reasonable time necessary for effective preparation, and for the continuity of
15 counsel, taking into account the exercise of due diligence. 18 U.S.C. S 3161(h)(8)(A).
16   This written order memorializes the oral rulings of the Court made on June 19, 2006.
17 Dated: July 12, 2006

19                                             /s/ Ronald M. Whyte
                                              _____
20                                             RONALD M. WHYTE
                                              United States District Judge

[] ORDER AFTER HEARING EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT
CR 06-00246-RMW                    Page 2 of  2